*WESTERN DIST.*
*October, 1831.*

BURNEY'S HEIRS
*vs.*
LAMOTHE.

---

## BURNEY'S HEIRS *vs.* LAMOTHE.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

Slaves acquired in Mississippi, where no community of property exists, belongs to the husband; and if alienated by his widow even to pay a just debt, the heirs of the husband can recover them and their increase from the vendee.

The wife being entitled to dower from her husband's estate, does not authorise her to sell any of the slaves belonging to it; and such sale will not affect the right of the heirs of the husband to the property sold.

The plaintiffs sued the defendant for the recovery of a negro woman, named Sophia, and her increase, which they allege are in the illegal possession of Lamothe.

The defendant alleges he has been in long and peaceable possession of the negresse Sophia, for more than twenty years. He pleads the prescription of three, four, five, ten and fifteen years.

Western Dist.
October, 1831.
─────────
BURNEY'S HEIRS
vs.
LAMOTHE.

It appears Lamothe purchased the slave of one Henry Marmadu, and that Marmadu received her from the widow Burney for a debt owing by the latter to the former. Marmadu being dead, his heirs were cited in warranty. They denied that their ancestor ever sold Sophia to the defendant, and that they are not bound in warranty.

Burney in his lifetime purchased the negresse Sophia, in Natchez, in 1802. It is contended that she never made a part of the community of property existing between Burney and wife; and his widow could not dispose of her. It was urged on the other hand that Robert Burney, one of the heirs, relinquished all his interest in the slave. But on the trial, he came in and plead minority, at the time he executed the act of relinquishment. This act of relinquishment was still further used to show that the widow gave the negro in payment of what the son considered a just debt. Burney lacked a few months of being of age when he made this acknowledgment.

Lamothe was unable to show any written title to Sophia. But in an amended answer, he alleged if the plaintiffs had any claim, it was in common with their ancestor and his wife, and that Marmadu had purchased of the latter.

There was judgment for three, out of four of the heirs, for three-eighths of the value of Sophia and her five children, and in favor of Marmadu's heir against the defendant.

*Winn,* for the plaintiffs.

1. The certificate of relinquishment given by Robert Burney is no evidence of a sale by Mrs. Burney. It is no evidence of a sale by R. Burney himself, for he was a minor at the time. On the trial notice was given that he withdrew his name from the paper on account of his minority.

2. It is no evidence of a sale because one of the essential requisites to make it such was wanting, to wit, consideration. And without price there can be no valid sale.

3. Burney the ancestor, married in Mississippi and purchased the slave there; and it is shown that by the laws of that state the husband acquires *en pleine droit* all property

purchased during marriage; consequently no community existed as to these slaves.

4. But the defendant shows no title; and admitting an interest in Mrs. Burney, yet the plaintiffs being co-proprietors can sue for the property. They were all but one heir. They held *par moi et 'par tout*, and can maintain an action of eject-ment or trespass, against third persons having no title. 1 *Co. Litt.* 163, *b.* 164, *a. Litt.* § 288. *5 Rep.* 10. *2 Black.* 188. *Pothier, c. c.* 1214.

*Thomas, contra.*

1. The defendant has been in the peaceable possession of Sophia for more than twenty years. He purchased her for a valuable consideration from Marmadu, who received her from the widow Burney in payment of a debt. '

2. The act of relinquishment of Robert Burney, one of the heirs, shows he considered his mother had given this slave in discharge of an honest debt.

3. The widow Burney being entitled to dower according to the laws of Mississippi, had a right to dispose of this slave to pay her debts.

*Martin, J.* delivered the opinion of the court.

The plaintiffs claim from the defendant a slave, part of their ancestor's property, her increase and damages. The defendant pleaded the general issue and prescription. He afterwards, in an amended answer, pleaded that the slave was common property between the plaintiffs' ancestor and his wife, under whom he claimed; and a relinquishment by the plaintiff Robert Burney, of his right in the slave, to him, the defendant. The plaintiffs objected to the opinion of the court granting leave to amend, on the ground that the new answer changed the nature of the defence. We are of opinion the amendment was properly allowed. It averred new matters, but did not change or abandon any of the former pleas or defence.

The plaintiffs had judgment for three-eighths of the slave and her increase, and appealed.

WESTERN DIST.
October, 1831.
━━━━━━
BURNEY'S HEIRS
vs.
LAMOTHE.

Slaves acquired in Mississippi, where no community of property exists, belongs to the husband; and if alienated by his widow even to pay a just debt, the heirs of the husband can recover them and their increase from the vendee.

The wife being entitled to dower from her husband's estate, does not authorise her to sell any of the slaves belonging to it; and such sale will not affect the right of the heirs of the husband to the property sold.

The plaintiffs established their ancestor's title to the slave, and their capacity. The defendant showed no title from the mother; the relinquishment alleged to have been received from the plaintiff, Robert Burney, having been executed during his minority. The plaintiffs' ancestor bought the slave in 1802, and it is in evidence, that by the laws of the Mississippi territory at that period, the wife acquired no right of community in property bought by the husband.

The defendant has given in evidence, that the wife in the territory or state of Mississippi, is entitled to dower, or one-third of the slaves during her life. This circumstance was not pleaded. We think it does not effect the plaintiffs' right. The dower does not appear to have been set off to the widow. It is only a particalar estate, which does not effect the title of the heirs. It need not be laid off on any particular slave; but only set off on one-third of those left by the husband. It does not appear that it was set off, on any one of these sued for.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and proceeding to give such judgment, as in the opinion of this court, ought to have been given below: It is ordered, adjudged, and decreed, that the plaintiffs recover from the defendant, the slave Sophia, and her increase, viz: Jack, Nathan, Rachel and Meesy; and that the case be remanded to the District Court, for the purpose of ascertaining the damages sustained by the plaintiffs; by the wrongful detention of said slaves by the defendant; he paying costs in both cases.